# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| BANK OF NEW YORK MELLON, | ) |
|        PLAINTIFF | ) |
| v. | ) CIVIL NO. 2:15-CV-223-DBH |
| BEVERLY A. LAVIGNE, | ) |
|        DEFENDANT | ) |

## ORDER ON DEFENDANT'S NOTICE OF REMOVAL

This state foreclosure case is **REMANDED** to the court from which the defendant tried to remove it, the Maine District Court in Biddeford.

First, the removal is untimely. The state court docket that the defendant attached to her notice of removal shows that the case was filed in state court in 2010, proceeded to judgment, was affirmed by the Maine Law Court, and thereafter was subject to the defendant's motion to vacate, which the Maine District Court denied, again being affirmed by the Maine Law Court. See 28 U.S.C. § 1446 (setting 30-day deadline for the removal of civil actions); State Ct. Docket R. (ECF No. 1-1).

Second, it appears that there is no federal question because the only federal questions noted by the defendant have to do with counterclaims that she now wishes to raise at this late date, claiming to have only recently become aware of them, Notice of Removal (ECF No. 1) at 1. Federal issues raised only by a counterclaim are not sufficient to provide federal jurisdiction. See, e.g., Rafter

v. Stevenson, 680 F. Supp. 2d 275, 279 (D. Me. 2010) ("An actual or anticipated counterclaim sounding in federal law . . . cannot create federal jurisdiction.").[1]

Finally, despite two extensions, the defendant has failed to file the state court record in this court, contrary to this court's Order of June 11, 2015, which warned her that failure to do so "may result in a remand of this matter to the state court from which removed." Procedural Order (ECF No. 4) at 2.

For all these reasons, the case is **REMANDED TO** the Maine District Court in Biddeford.

**SO ORDERED.**

**DATED THIS 4TH DAY OF AUGUST, 2015**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although there appears to be diversity of citizenship, the defendant does not rely upon it for jurisdiction, and she cannot do so because diversity was apparent when the complaint against her was filed in state court in 2010 and she did not then try to remove the lawsuit to federal court. See 28 U.S.C. § 1446(c)(1) (generally, cases may not be removed on basis of diversity more than 1 year after commencement of the action).